**Gary Don BYRD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–90–016–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 15, 1990.

Jeff E. Johnson, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Abilene, for appellee.

## OPINION

ARNOT, Justice.

On February 18, 1989, Gary Don Byrd, appellant, entered a K–Mart Store in Abilene during normal business hours and returned a radar detector using a receipt which had not come from K–Mart. Using a false name and identification, appellant received $204.80 in return for the radar detector. The jury convicted appellant of burglary of a building. Punishment was enhanced by proof of one prior conviction and assessed at 25 years confinement and a fine of $5,000.00. We reverse and render a judgment of acquittal.

In his sole point of error, appellant complains that the evidence was insufficient to

prove that appellant entered the K–Mart, a store open to the public, without the effective consent of Raymond Sandoval, Jr., the owner named in the indictment.

In deciding a challenge to the sufficiency of the evidence, an appellate court is required to look at the evidence in the light most favorable to the jury's verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Cr.App.1989).

TEX.PENAL CODE ANN. § 30.02(a)(3) (Vernon 1989) provides that "[a] person commits an offense if, without the effective consent of the owner, he enters a building or habitation and commits or attempts to commit a felony or theft."

The Practice Commentary to Section 30.-02 states:

As in prior law, one who, however, with intent to commit a felony or theft, enters a building open to the public or otherwise has consent to enter ... commits no burglary and can be prosecuted only for the commission or attempted commission of the offense he intended, unless he remains concealed after consent to his presence has terminated.

As a member of the public, appellant presumptively had consent to enter the K–Mart. Sandoval, the Assistant Manager of the K–Mart, testified that he never told appellant that appellant could not enter the store. Andy Downing, a former K–Mart merchandise manager, testified that, in 1987, appellant was observed changing the price tags on merchandise and became abusive when the store refused to sell the item at the reduced price. Downing ordered appellant off of the premises and warned him not to ever return.

Because Sandoval never directly told appellant not to enter the store, the State introduced evidence that K–Mart kept a list of customers that had been warned not to enter the store and that appellant's name was on it. However, Sandoval stated that he did not know of the existence of any such list:

Q: Okay. Now, concerning the building out there at K–Mart, do you have—do you or the company keep a list of people that are prohibited from entering that store?

A: It's kept, uh, I'm not sure. I think its kept through our security, but I'm not positive of all that.

Q: Okay. But there is a list out there; is that correct?

A: I don't know.

Sandoval further testified that, if there was a list of persons not allowed in the store and if appellant's name was on it, then appellant would be in the store without his consent:

Q: Okay. Now anybody whose name would be on the—on the records out there as not—as having been told not to return, would they—if they were to come back, that would be without your consent, would that be correct?

A: Yes, sir, it would.

However, the evidence shows that when appellant first entered the store, Sandoval did not know of any list stating that appellant was not allowed to come in the store. Sandoval neither knew that appellant had been told by Downing that he was prohibited from returning to the store nor told appellant that he was forbidden to enter the store.

While processing appellant's refund, Sandoval learned from Pam Lynn Swafford, another employee, that appellant's name was Gary Don Byrd. When Sandoval asked him if he was Gary Don Byrd, appellant responded that he was Donnie Malone and produced a Colorado driver's license to that effect. Even though he had been advised of appellant's identity, Sandoval continued to process appellant's refund.

Viewing the evidence in the light most favorable to the verdict, the evidence is insufficient for a rational trier of fact to find that appellant entered the K–Mart without the effective consent of Sandoval. Appellant's point of error is sustained.

The judgment of the trial court is reversed, and this Court renders a judgment of acquittal as to the offense of burglary.